IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO SEGURA MARTINEZ | § § | |
| Petitioner, | § § | |
| VS. | § § | NO. 3-08-CV-0316-L |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Gerardo Segura Martinez, by and through his attorney, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

A jury convicted petitioner of capital murder. After making a deadly weapon finding, the trial court sentenced petitioner to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Martinez v. State*, No. 05-04-01422-CR, 2006 WL 949901 (Tex. App.--Dallas, Apr. 13, 2006, pet. ref'd). Petitioner did not seek state post-conviction relief. Instead, he filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that his conviction was the result of evidence obtained in violation of his Fifth Amendment privilege against self-incrimination.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on May 28, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to life imprisonment for capital murder. His conviction was affirmed by the court of appeals on April 13, 2006. The Texas Court of Criminal Appeals refused a petition for discretionary review on October 11, 2006. Petitioner did not seek further relief in the United States Supreme Court. Therefore, his conviction became final on January 9, 2007, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct.R. 13.1 (petition for writ of certiorari must be filed within 90 days after entry of judgment). Petitioner did not file a state writ of habeas corpus. The instant case was filed in federal district court on February 21, 2008.

The AEDPA statute of limitations started to run on January 9, 2007, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner did not seek federal habeas relief until February 21, 2008--more than one year later. In an attempt to avoid the dismissal of this case on limitations grounds, petitioner, through his attorney, points out that the state appeals court issued its mandate on November 27, 2006. Relying on that date as establishing the "conclusion of direct review in the state court," counsel believes that petitioner had 90 days, or until February 25, 2007, to file a petition for writ of certiorari in the United States Supreme Court, and one additional year to file an application for writ of habeas corpus in federal court. (*See* Pet. Reply at 1). However, the Fifth Circuit has held that "the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)." *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003). Petitioner's right to seek direct review of his state conviction expired on January 9, 2007--90 days after the Texas Court of Criminal Appeals refused a petition for discretionary review. The date the mandate issued is irrelevant for limitations purposes. *See England v. Quarterman*, 242 Fed. Appx. 155, 158, 2007 WL 2083605 at *2 (5th Cir. Jul. 13, 2007), *cert. denied*, 2008 WL 2002062 (U.S. May 12, 2008), *quoting* S.Ct.R. 13.3 ("The time to file a petition for writ of certiorari runs

from the date of entry of the judgment or order sought to be reviewed, *and not from the issuance date of the mandate . . ."*) (emphasis added).

Alternatively, petitioner argues that he is entitled to equitable tolling because the untimely filing of his federal writ should be attributed to counsel, not to him. (*See* Pet. Reply at 2). A habeas petitioner may be entitled to equitable tolling when he is deceived by his attorney into believing that a timely federal writ had been filed on his behalf. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2630 (2003); *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). Here, petitioner does not allege any deceit or intentional misconduct on the part of his attorney. At most, it appears that counsel may have been negligent in relying on the date the mandate issued in calculating the one-year limitations period. Negligent conduct, standing alone, is not a "rare and exceptional" circumstance that warrants equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *Triplett v. King*, 250 Fed. Appx. 107, 109, 2007 WL 2935392 at *1 (5th Cir. Oct. 9, 2007), *cert. denied*, 128 S.Ct. 1716 (2008) (negligent miscalculation of deadline for filing a section 2254 habeas petition did not warrant equitable tolling).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 2, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE